UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) CRIMINAL NO. 93-10278-NMG |
| JOSEPH A. YERARDI, JR.<br>Defendant. | ) |

FILED
IN CLERKS OFFICE
2010 JUL 15  P 3: 59
U.S. DISTRICT COURT
DISTRICT OF MASS.

## RESTRAINING ORDER

**GORTON, D.J.,**

Upon consideration of the United States' *Ex Parte* Motion for Post-Indictment Restraining Order, and pursuant to 18 U.S.C. §§ 982 and 1963, the Court finds and rules as follows:

1. On July 28, 1995, this Court endorsed a Preliminary Order of Forfeiture consisting of a $916,000 personal money judgment against defendant Joseph A. Yerardi, Jr. (the "Defendant"), pursuant to 18 U.S.C. §§ 982 and 1963.

2. Whereas, the United States has identified the following property which may be forfeitable to the United States pursuant to the Preliminary Order of Forfeiture: all funds on deposit in EFG Bank Van Ernst AG account number 440882, held in the names of Malous Rafiei and/or Rafia Feghi (the "Funds").

3. The United States has moved, *ex parte*, for a restraining order pursuant to 18 U.S.C. § 1963(e) and 18 U.S.C. § 982(b)(1) (incorporating 21 U.S.C. § 853(g)) to preserve the *status quo* and to prevent the Defendant, Rafia Feghi, and all other persons with notice of this Order from removing, transferring, dissipating, alienating, encumbering, or otherwise disposing of any of the Funds.

4. There is reasonable cause for entry of this Order. The Declaration of Sandra J. Lemanski and the memorandum of law submitted in support of the United States' *Ex Parte* Motion for Restraining Order established probable cause that the Funds sought to be restrained are subject to forfeiture to the United States. The Court further concludes that, absent such restraint, there is a substantial risk that the Funds would not be preserved, and therefore would

not be available for forfeiture.

It is hereby ORDERED that this Restraining Order issue with respect to the Funds.

It is further ORDERED that Defendant, his agents, servants, employees, attorneys, family members, all other persons in active concert or participation with him, and those persons, financial institutions, or other entities who have any possession, interest or control over the Funds subject to this Order, including without limitation Rafia Feghi, shall not, without prior approval of this Court, upon notice to the United States and an opportunity for the United States to be heard:

- a) alienate, dissipate, transfer, sell, assign, lease, pledge, encumber, or dispose of the Funds, in any manner, directly or indirectly;
- b) cause the Funds to be alienated, dissipated, transferred, sold, assigned, leased, pledged, encumbered, or disposed of in any manner; or
- c) take, or cause to be taken, any action which could have the effect of concealing the Funds, removing the Funds from the jurisdiction of this Court, or damaging, depreciating, or diminishing the value of, the Funds.

The Defendant is hereby placed on notice that if the Funds are transferred, dissipated, or disposed of by any means, and without approval of this Court, the Court may require the Defendant to account to the Court for the disposition and location of the Funds and any proceeds traceable thereto.

It is further ORDERED that anyone holding a lien on the Funds subject to this Order shall respond promptly to requests by the United States for information on said lien's current status.

The United States, or its agents, shall serve this Order upon the Defendant and shall provide due notice of the Order to other persons and entities subject to the Order.

It is further ORDERED that such persons and entities, upon receipt of such notice, which may be provided by facsimile transmission, shall fully comply with the terms of this Order immediately upon such receipt.

This Order shall remain in effect until further order of the Court.

SO ORDERED THIS 28th DAY OF _____July_____, 2010.

*Nathaniel M. Gorton*
NATHANIEL M. GORTON
United States District Judge