UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JOSEPH A. YERARDI, JR., )<br>Defendant, )<br>_____ )<br>)<br>AMIR KAYVON BINA, and )<br>JOSEPH KAVEH YERARDI, )<br>Petitioners. ) | CRIMINAL NO. 93-10278-NMG |

**FINAL ORDER OF FORFEITURE**
**(All Funds on Deposit in EFG Bank Von Ernst AG Account/**
**Client Relationship No. 440882)**

**GORTON, D.J.,**

WHEREAS, on October 14, 1993, a federal grand jury sitting in the District of Massachusetts returned a seventy-one count Indictment charging the defendant, Joseph A. Yerardi, Jr. (the "Defendant"), and others, with violations of, *inter alia*, 18 U.S.C. §§ 892 (making extortionate extensions of credit), 894 (collection of extensions of credit by extortionate means), 1956 (laundering of monetary instruments), and 1962 (racketeering);

WHEREAS, on May 1, 1995, the Defendant entered into a written plea agreement (Docket No. 339), wherein he agreed to plead guilty to all counts of the Indictment, and as part of his plea agreement, he agreed to the entry of an order of forfeiture in the amount of nine hundred sixteen thousand dollars in United States currency ($916,000), pursuant to 18 U.S.C. §§ 982 and 1963, and further stated that he understood that the United States would proceed against any and all of his assets in order to satisfy the order of forfeiture;

WHEREAS, the Defendant was ultimately sentenced to 135 months in prison and ordered to forfeit $916,000 to the United States, pursuant to the Preliminary Order of Forfeiture issued by the Court on July 28, 1995;

WHEREAS, under the terms of the Preliminary Order of Forfeiture, the Court indicated that the United States was entitled to forfeiture of $916,000 in United States currency, or substitute assets of the Defendant in a value up to that amount, pursuant to 18 U.S.C. §§ 982 and 1963;

WHEREAS, the $916,000 money judgment against the Defendant remains outstanding; and the Defendant has not made any payments towards the forfeiture judgment;

WHEREAS, based upon the terms of the Preliminary Order of Forfeiture, the United States is entitled to amend its Order of Forfeiture at any time to substitute property in order to satisfy the $916,000 money judgment, in whole or in part;

WHEREAS, in March 2010, the United States received information from law enforcement authorities in Liechtenstein concerning bank accounts possibly involved in the money laundering activities of the Defendant;

WHEREAS, after receiving this information, the United States submitted a request to Liechtenstein for information regarding these accounts, and obtained a restraining order from this Court for all Funds on Deposit in EFG Bank Von Ernst AG Account/Client Relationship No. 440882 (the "EFG Account" and the "EFG Funds");

WHEREAS, on May 23, 2012, on a Motion by the United States, this Court entered a Preliminary Order of Forfeiture for the EFG Funds, pursuant to 18 U.S.C. § 1963(m), and pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982;

WHEREAS, notice of the Preliminary Order of Forfeiture was sent to all interested parties,

including the Defendant and the Defendant's counsel, and was published on the government website www.forfeiture.gov for thirty (30) consecutive calendar days, beginning on June 5, 2012, and ending on July 4, 2012;

WHEREAS, on November 5, 2012, petitioners Amir Kayvon Bina and Joseph Kaveh Yerardi filed a document with the Court in which they asserted an interest in the EFG Funds;

WHEREAS, no other party has filed a claim to the EFG Funds or otherwise defended against this forfeiture action as to the EFG Funds, as required by Rule 32.2 of the Federal Rules of Criminal Procedure, and the time within which to do so has expired; and

WHEREAS, the United States and the Petitioners have reached a full and final settlement of this matter as to the EFG Funds, and have executed and filed a Settlement Agreement with the Court in which the Petitioners withdraw any claim to the EFG Funds and consent to the forfeiture of the EFG Funds.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The United States' Assented-to Motion for a Final Order of Forfeiture is allowed.

2. The United States of America is now entitled to the forfeiture of all right, title or interest in the EFG Funds, and the EFG Funds are hereby forfeited to the United States of America pursuant to the terms of the Settlement Agreement, and pursuant to 18 U.S.C. § 1963(m), 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982, and Rule 32.2(c) of the Federal Rules of Criminal Procedure.[1]

---

[1] Pursuant to the terms of the Settlement Agreement, the value of the EFG Funds shall be applied toward the outstanding $916,000 money judgment entered against the Defendant. The Petitioners and the United States further agree that after payment of the outstanding money judgment in full, the United States shall retain any remaining EFG Funds and apply them toward payment of any fine and penalty imposed against the Petitioners' mother Rafia Feghi, in

3. All other parties having any right, title or interest in the EFG Funds are hereby held in default.

4. The United States is hereby authorized to seize and maintain custody and control over the EFG Funds, in accordance with United States Department of Justice policies regarding the disposition of forfeited property, and in cooperation with authorities from Liechtenstein.

5. The United States shall then dispose of the EFG Funds in accordance with United States Department of Justice policies regarding the disposition of forfeited property, and in accordance with the terms of the Settlement Agreement and applicable law.

6. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

/s/ Nathaniel M. Gorton
NATHANIEL M. GORTON
United States District Judge

Date: Nov. 28, 2016

---

connection with a criminal case filed against her in 2016 in the United States District Court for the District of Massachusetts. *See United States v. Feghi*, Criminal No. 16-10273-RGS. The Petitioners acknowledge that in a written plea agreement in that criminal case, Rafia Feghi agreed to the imposition of a fine for the total amount of any such remaining EFG Funds, and payment of those remaining funds for such fine, and further agreed to waive any interest she might assert to the EFG Funds.

4